**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JOSE BERISTAIN CURIEL,**

**Petitioner,**

**v.** **Civil No. 2:26cv825**

**JEFFREY CRAWFORD, *Farmville Detention Center*, et al.,**

**Respondents.**

**ORDER**

On August 4, 2026, Jose Beristain Curiel ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that he is improperly detained and entitled to a § 1226(a) bond hearing. ECF No. 1, at 6-7. On August 5, 2026, this Court entered an Order (1) setting a briefing schedule on the § 2241 petition, and (2) Ordering that Petitioner remain in this District during the pendency of this habeas case. ECF No. 5, at 2.

On August 17, 2026, Respondents filed an opposition brief arguing that the § 2241 petition should be denied as Petitioner is subject to a final order of removal, thus mandating his detention pursuant to 8 U.S.C. § 1231. ECF No. 7, at 1. Respondents further highlighted that because Petitioner's removal order only recently became final, he has no valid habeas claim pursuant to Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (establishing a six-month "presumptively reasonable period of detention" to effectuate a final order of removal). Id. at 3. Respondents' opposition brief

is supported by a declaration indicating that Petitioner's order of removal became final when he failed to timely appeal on or before July 29, 2026. ECF No. 7-1, at 4.

Petitioner has not filed a reply brief contesting Respondents' factual representations.[1] Moreover, the Department of Justice's online portal providing "Automated Case Information" for immigration cases appears to further support Respondents' representations, as searching Petitioner's A-Number and Nationality indicates that removal was ordered on June 29, 2026 and that no appeal was filed within 30 days of that decision. https://acis.eoir.justice.gov/en/caseInformation.

In light of the unrebutted evidence presented by Respondents establishing that Petitioner is subject to mandatory detention due to his final order of removal, Petitioner fails to demonstrate that he is entitled to a discretionary bond hearing. Accordingly, Petitioner's § 2241 motion is **DENIED**. ECF No. 1. Petitioner's habeas case shall be closed by the Clerk.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 9, 2026

[1] The Court has recently received several submissions from Petitioner, ECF Nos. 11, 12, 14, but these materials all suggest his good character and do not address or refute the fact that his failure to file an appeal renders his removal order "final." With a final removal order in place, Petitioner's good character does not limit Respondent's ability to detain him and to remove him from the United States after the closure of this habeas case.